UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRYAN FARMER,<br>                        Plaintiff,<br>v.<br><br>HENRY FORD HEALTH<br>SYSTEM, *et al.*,<br>                        Defendants.<br>_____/ | Case No. 23-10212<br><br>Denise Page Hood<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER GRANTING IN PART MOTION TO WITHDRAW ATTORNEY AND TO STAY THE CASE (ECF No. 16)

Plaintiff Bryan Farmer filed this case on January 27, 2023. This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 12). Before the Court is Defendants Corizon Health, Inc., Kim Farris, Juliana Martino, Harold Obiakor, and Connie Whipple's motion to withdraw counsel for the individual defendants and to stay the case for 120 days. (ECF No. 16). No party opposed the motion. This motion is **GRANTED IN PART** and **DENIED IN PART** for the reasons below.

The moving Defendants explain that on February 16, 2023, Corizon Health, Inc., the insurer for the individual moving defendants, filed a voluntary bankruptcy petition which is still pending. Counsel for Corizon also represents the Corizon insured Defendants. They argue that because of Corizon's pending bankruptcy and uncertain ability to continue insuring the individual Defendants, there now exists a

conflict of interest.  So counsel seeks to withdraw representation from the individual defendants.  Counsel also seeks a 120-day stay, which they assert is necessary in lieu of counsel's motion to withdraw.

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Yet "it is . . . clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Given Corizon's pending bankruptcy proceedings, the Defendants have established good cause for a stay of proceedings.  The Court knows that Corizon and its debtors are to engage in mediation during the summer and will reconvene in bankruptcy court in Texas during August.  The Court will **GRANT IN PART** the motion to stay and stay the case **until August 21, 2023**.

On **August 21, 2023, at 10:00 a.m.**, the Court will conduct a status conference with the parties to update the Court on the bankruptcy proceedings.  Counsel for Corizon is directed to initiate the conference call with the other parties and to call the chambers mainline at (810) 341-7850 when the parties are ready.

The stay applies to all parties.  Applying a stay to only the movants could complicate the case with discovery issues and a bifurcated trial.

The motion to withdraw counsel is **DENIED WITHOUT PREJUDICE** and may be revisited during the status conference.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: June 1, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge